1    TODD A. NOAH (SBN 152328)
     DERGOSITS & NOAH LLP
2    Three Embarcadero Center, Suite 410
     San Francisco, California 94111
3    Tel: (415) 705-6377
     Fax: (415) 705-6383
4    E-mail:  tnoah@dergnoah.com

5    LEON I. EDELSON (Pro Hac Vice Pending)
     EDELSON IP LAW GROUP, LTD.
6    2275 Half Day Road, Suite 122
     Bannockburn, Illinois 60015
7    Telephone:  (847) 374-9797
     Facsimile: (847) 374-9799
8    E-mail:  leon@edelsonip.com

9    Attorneys for Defendants
     OLEG SOGOLOV and VALUE LINE INVESTMENTS INC.
10

11

12                   IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISOC DIVISION

15   ADOBE SYSTEMS INCORPORATED,          )  Case No.: C10-2391 CRB
                                          )
16        Plaintiff,                      )  DEFENDANTS OLEG SOGOLOV
                                          )  ANDVALUE LINE INVESTMENTS INC.'S
17                                        )  RESPONSE TO ORDER TO SHOW CAUSE
          vs.                             )  RE SANCTIONS
18                                        )
                                          )
19   OLEG SOGOLOV A/K/A DAN MORIN,        )
     VALUE LINE INVESTMENTS INC. and      )
20   DOES 1 – 10, inclusive,              )
                                          )
21        Defendants.                     )
                                          )
22

23        Defendants Oleg Sogolov and Value Line Investments Inc. (hereinafter collectively referred to as

24   "defendants") submit this memorandum in response to the Court's September 10, 2010 Order to Show

25   Cause Re Sanctions.  For the reasons discussed below, defendants respectfully request that the Court not

26   impose sanctions for defendants' failure to appear at the September 10, 2010 Initial Case Management

27   Conference "(CMC")."

28

                                      -1-

DEFENDANTS' RESPONSE TO OSC RE SANCTIONS                        Case No.: C10-2391 CRB

1

2

3

4

Defendants retained Mr. Edelson to represent them in this case on at the end of July 2010. Shortly thereafter, Mr. Edelson began settlement discussions with plaintiff's counsel. These settlement discussions continued until August 17, 2010. Counsel for plaintiff and defendant then began discussing Alternate Dispute Resolution procedures and the discovery and pre-trial schedule. These discussions and scheduling discussions were not concluded until August 31, 2010.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

Thereafter, Mr. Edelson attempted to retain local counsel in this jurisdiction, but was unable to retain local counsel until very recently. Mr. Edelson made three attempts to obtain local counsel, with the third attempt resulting in Mr. Noah's retention on September 29, 2010. Prior to engaging Mr. Noah, Mr. Edelson believed that he had engaged local counsel to appear at the September 10, 2010 CMC only to learn on or about September 3, 2010, the Friday before the Labor Day holiday weekend and the week before the CMC that he did not. As soon as Mr. Edelson learned that he did not have local counsel, he immediately tried to locate new local counsel. However, Mr. Edelson, was and is currently involved in a matter pending before the District Court in the Northern District of Illinois, which required the parties to submit final arguments for an evidentiary hearing on September 8, 2010, the first day of the Jewish holiday, Rosh Hashanah. Mr. Edelson was working diligently to complete his submission to the court in Illinois by September 7 because Mr. Edelson's strict observance of this holiday obligated him to not work on September 8, the day the evidentiary arguments were scheduled to be filed. Unfortunately, because Mr. Edelson needed to devote his attention to this evidentiary matter, he was unable to devote sufficient time to locate new local counsel. Mr. Edelson does not have any partners or associates in his practice.

19

20

21

22

23

The initial CMC in this case was set for September 10, 2010, the day after Rosh Hashanah. Due to Mr. Edelson's strict observance of this holiday and his involvement in this other matter pending in the District of Illinois, he neglected to contact this Court prior to September 8th and 9th, the two days prior to the CMC during which he was not to engage in any work related projects or travel. Therefore, as it turned out Mr. Edelson was unable to contact the Court just prior to the hearing or, more importantly, travel to San Francisco to attend the CMC.

24

25

26

27

Following the CMC, Mr. Edelson received a telephone call from this Court's law clerk regarding the CMC at which time Mr. Edelson explained his reasons for not appearing at the CMC. Mr. Edelson indicated that he would provide a submission to the Court informing it of the reasons defendants did not make an appearance at the CMC.

28

-2-

DEFENDANTS' RESPONSE TO OSC RE SANCTIONS                                                                 Case No.: C10-2391 CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In short, Mr. Edelson understands that he made an error in not contacting the Court prior to the CMC.   He truly believed that he had co-counsel engaged to appear at the CMC only to find out the week before that he did.  Mr. Edelson regrets and apologizes for any inconvenience that his absence at the CMC may have caused the Court and plaintiff's counsel and submits that it will not happen again.  In that regard, Mr. Edelson understands that he made a mistake and that he has to accept the consequences. Mr. Edelson respectfully requests that the Court consider the reasons surrounding this mistake when deciding whether to impose sanctions.

Dated: October 1, 2010                                                  DERGOSITS & NOAH LLP


By:   /s/ Todd A. Noah
        Todd A. Noah
        Attorneys for Defendants
        OLEG SOGOLOV and VALUE LINE
        INVESTMENTS INC.

DEFENDANTS' RESPONSE TO OSC RE SANCTIONS                                                  Case No.: C10-2391 CRB